

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-597

| | |
|---|---|
| RANDY BETTGER, PATRICE BETTGER, VICTOR BETTGER, WENDELL BLACKBURN, CRISTINA JAMES, DAISY PEARSON, RAY NORMAN, BETTY NORMAN, MARVIN WADDLE, and NINA WADDLE<br><br>APPELLANTS<br><br>V.<br><br>LONOKE COUNTY, ARKANSAS and DOUG ERWIN, IN HIS OFFICIAL CAPACITY AS FLOODPLAIN ADMINISTRATOR AND COUNTY JUDGE OF LONOKE COUNTY, ARKANSAS<br><br>APPELLEES | Opinion Delivered February 18, 2015<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. CV-2011-455]<br><br>HONORABLE SANDY HUCKABEE, JUDGE<br><br>REBRIEFING ORDERED |

**LARRY D. VAUGHT, Judge**

This is an appeal from an order of the Lonoke County Circuit Court that denied appellants' request to abate a public road as an alleged public nuisance.[1] On appeal, appellants argue that the circuit court clearly erred in denying injunctive relief. We decline to address the merits at this time and instead order rebriefing.

Appellants own real property located in the Grayhawk Subdivision of Lonoke County,

---

[1]Appellants are Randy Bettger, Patrice Bettger, Victor Bettger, Wendell Blackburn, Cristina James, Daisy Pearson, Ray Norman, Betty Norman, Marvin Waddle, and Nina Waddle.

which is located in an area northwest of U.S. Highway 67/167. The subdivision is located in a flood plain of Bayou Two Prairie Creek. In the past, appellants had experienced flooding of their properties but not their homes. In 2006 and 2007, Lonoke County constructed a road known as South Rockwood Drive (the road) that runs parallel to U.S. Highway 67/167 and connects State Highways 5 and 89. Appellants contend that, after the county constructed the road, the flooding became more severe and reached into their homes.

Appellants filed suit against the county,[2] alleging that the county failed to comply with its own flood-control ordinances in the construction of the road, thereby creating a nuisance and resulting in the taking of their properties. Appellants sought damages for injury to their real and personal property, damages for inverse condemnation, and injunctive relief in the form of restoration of the creek's normal drainage.

After the court denied appellants' motion for partial summary judgment to have the road declared a nuisance per se, the case proceeded to a jury trial on the issue of whether the construction of the road was a taking of appellants' properties and, if so, the amount of appellants' damages. Shortly before trial began, the county stipulated that it had violated its own flood-control ordinances, which required having hydraulic or hydrological studies prepared and obtaining floodplain permits and "no-rise" certificates before construction started. As a result, the county argued that the court should bifurcate the injunctive-relief claim from the damages claim and rule on appellants' injunctive-relief claim in a summary

---

[2]Also named as a defendant in the suit was Doug Erwin, who is both the county judge and, ex officio, the county's floodplain administrator.

 

fashion as a matter of law. The court granted the motion and reserved ruling on the injunctive claim pending the jury trial.

The jury found that the county had not inversely condemned appellants' properties. Based upon the jury's finding that there was no inverse condemnation of appellants' properties, the court denied appellants' remaining claims for injunctive relief. A final judgment was entered reflecting both the jury's determination and the court's denial of injunctive relief. This appeal followed.

On appeal, appellants argue that the circuit court clearly erred in denying their claim for injunctive relief solely on the basis that the jury found no inverse condemnation of their property. However, the manner in which appellants argue their point is problematic. Because the county admitted that it had failed to comply with its flood-control ordinances prior to construction of the road, appellants did not abstract the testimony from the jury trial that the circuit court was to consider in ruling on the claims for injunctive relief. Instead, the only abstract provided was of the county's stipulation.

Rule 4–2(a)(5) of the Rules of the Supreme Court provides:

The appellant *shall* create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

(Emphasis added.) Information in a transcript is material if the information is essential for the reviewing court to confirm its jurisdiction, understand the case, and decide the issues on appeal. *See Evins v. Carvin*, 2012 Ark. App. 622. When an appellant submits a brief with an insufficient abstract such that the appellate court cannot reach the merits of the case, the

appellant will be afforded an opportunity to cure the deficiencies. *Id*.

The transcript of the trial testimony is material, and appellants are required to abstract it. Therefore, we remand for rebriefing. Appellants' substituted brief, abstract, and addendum shall be filed within fifteen days of the date of this opinion. Ark. Sup. Ct. R. 4–2(b)(3). After service of the substituted brief, the county will have the opportunity to file a responsive brief, or it may choose to rely on the brief previously filed in this appeal. In the event that appellants fail to file a complying brief within the prescribed time period, the judgment may be affirmed for noncompliance with the rule. *Id*. Finally, counsel are strongly encouraged to review Rule 4–2 in its entirety as it relates to the abstract and addendum, as well as the entire record, to ensure that there are no additional deficiencies.

Rebriefing ordered.

HARRISON and WHITEAKER, JJ., agree.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellants.

*Rainwater, Holt & Sexton*, by: *Jason E. Owens*, for appellees.