SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-14-597

| | |
|---|---|
| RANDY BETTGER, PATRICE BETTGER, VICTOR BETTGER, WENDELL BLACKBURN, CRISTINA JAMES, DAISY PEARSON, RAY NORMAN, BETTY NORMAN, MARVIN WADDLE, and NINA WADDLE<br><br>APPELLANTS<br><br>V.<br><br>LONOKE COUNTY, ARKANSAS and DOUG ERWIN, IN HIS OFFICIAL CAPACITY AS FLOODPLAIN ADMINISTRATOR AND COUNTY JUDGE OF LONOKE COUNTY, ARKANSAS<br><br>APPELLEES | **Opinion Delivered** June 3, 2015<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT, [NO. CV-2011-455]<br><br>HONORABLE SANDY HUCKABEE, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

This is an appeal from an order of the Lonoke County Circuit Court that denied appellants' request to abate a public road as an alleged public nuisance.[1] On appeal, appellants argue that the circuit court clearly erred in denying injunctive relief on the basis that a jury found that appellee Lonoke County's construction of a road did not result in an inverse condemnation of appellants' properties as a result of flooding allegedly caused by the road's

---

[1]Appellants are Randy Bettger, Patrice Bettger, Victor Bettger, Wendell Blackburn, Cristina James, Daisy Pearson, Ray Norman, Betty Norman, Marvin Waddle, and Nina Waddle.

SLIP OPINION

construction. We find that the circuit court did not abuse its discretion in refusing to grant the injunction, and we affirm.[2]

Appellants own real property located in the Grayhawk Subdivision of Lonoke County, which is located in an area northwest of U.S. Highway 67/167. The subdivision is located in a flood plain of Bayou Two Prairie Creek. In the past, appellants had experienced flooding of their properties but not their homes. In 2006 and 2007, Lonoke County constructed a road known as South Rockwood Drive (the road) that runs parallel to U.S. Highway 67/167 and connects State Highways 5 and 89. Appellants contend that, after the county constructed the road, the flooding became more severe and entered into their homes.

After heavy rains flooded their homes in 2009 and 2011, appellants filed suit against the county,[3] alleging that the county failed to comply with its own flood-control ordinances in the construction of the road, thereby creating a nuisance and resulting in the taking of their properties. Appellants sought damages for injury to their real and personal property, damages for inverse condemnation, and injunctive relief in the form of restoration of the creek's normal drainage.

After the court denied appellants' motion for partial summary judgment to have the road declared a nuisance per se, the case proceeded to a jury trial on the issue of whether the

---

[2]We previously ordered rebriefing because the appellants did not include an abstract of the trial testimony. *See Bettger v. Lonoke Cnty.*, 2015 Ark. App. 109. That defect has been remedied, and we are able to reach the merits of this appeal.

[3]Also named as a defendant in the suit was Doug Erwin, who is both the county judge and, ex officio, the county's floodplain administrator.

construction of the road was a taking of appellants' properties and, if so, the amount of appellants' damages. Shortly before trial began, the county stipulated that it had violated its own flood-control ordinances, which required having hydraulic or hydrological studies prepared and obtaining floodplain permits and "no-rise" certificates before construction could start. As a result, the county argued that the court should bifurcate the injunctive-relief claim from the damages claim and rule on appellants' injunctive-relief claim in a summary fashion as a matter of law. The court granted the motion and reserved ruling on the injunctive claim pending the jury trial.

The jury found that the county had not inversely condemned appellants' properties. After the jury's finding that there was no inverse condemnation of appellants' properties, the court denied appellants' remaining claims for injunctive relief. A final judgment was entered reflecting both the jury's determination and the court's denial of injunctive relief. This appeal followed.

This court reviews injunctive matters de novo. *South Flag Lake v. Gordon*, 2009 Ark. App. 276, 307 S.W.3d 601. Further,

> [t]he decision to grant or deny an injunction is within the discretion of the trial judge. We will not reverse the judge's ruling granting or denying an injunction unless there has been an abuse of discretion. When considering an order that grants or denies an injunction, we will not delve into the merits of the case further than is necessary to determine whether the lower court exceeded its discretion. We have explained that the sole question before us is whether the trial court departed from the rules and principles of equity in making its order, and not whether we would have made the order. In reviewing the lower court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony.

*Id.* at 5, 307 S.W.3d at 604 (citing *Delancy v. State*, 356 Ark. 259, 264–65, 151 S.W.3d 301,

304–05 (2004)) (internal citations omitted).

For reversal, appellants argue that development in flood-prone areas is declared a public nuisance under Arkansas law, and must be enjoined. *See* Ark. Code Ann. § 14-268-105 (Repl. 1998).[4] They further argue that the circuit court clearly erred in denying their claim for injunctive relief solely on the basis that the jury found no inverse condemnation of their property. Appellants, citing *Hall v. City of Bryant*, 2010 Ark. App. 787, 379 S.W.3d 727, argue that, because the county admitted that it failed to comply with the two county ordinances prior to construction of the road, the road is a public nuisance as a matter of law and that they were not required to show harm or damages in order to obtain injunctive relief abating the nuisance. *Hall* is not dispositive in this case. While section 14-268-105 does not specifically require a showing of harm before an injunction will issue, the fact that harm is shown does not automatically mandate the issuance of an injunction because the plain language of the statute gives the circuit court wide discretion as to whether the public nuisance will be enjoined; and the circuit court did not abuse its discretion here.

The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision, but requires that the court act improvidently, thoughtlessly, or without due consideration. *Schwyhart v. J.B. Hunt, LLC*, 2014 Ark. App. 324, 436 S.W.3d

---

[4]Section 14-268-105 provides that:

> Every structure, building, fill, or development placed or maintained within any flood-prone area in violation of measures enacted under the authority of this chapter is a public nuisance. The creation of any of these may be enjoined and the maintenance thereof may be abated by action or suit of any city, town, or county, the state, or any citizen of this state.

173. Appellants make a one-sentence argument that the circuit court abused its discretion by relying solely on the jury's finding that the construction of the road did not constitute an inverse condemnation of their properties. They suggest that the circuit court should have conducted a further hearing before issuing a decision on injunctive relief. However, they did not request such a hearing. They also did not ask the court for additional findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52(b). More important, the court heard the same testimony that the jury heard, and there was sufficient evidence to support the circuit court's ruling.

Here, the county's expert witness, engineer Stacy Akin, testified that the 2009 and 2011 storms fit the definition of 100-year flood events. He was not surprised that appellants' homes had been flooded during these events because the homes were below the FEMA base-flood elevation even prior to the construction of the road. Akin did not perform a hydraulic or hydrologic analysis of the creek and the road. However, his opinion was that the construction of the road did not contribute to the flooding suffered by appellants. He acknowledged that the road's bridge over the creek was smaller and allowed less of a flow than the bridges over the creek on Highway 67/167 and could back up to the flood plain. He added that in a big rain event, the size of the opening would not matter if the water topped the road. From this testimony, the circuit court could have determined that the flooding of appellants' homes was not the result of the county's construction of the road in violation of section 14-268-105.

Based on the plain language of section 14-268-105 and our standard of review, we

cannot say that the circuit court abused its discretion in denying appellants' request for an injunction. Accordingly, we affirm.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellants.

*Rainwater, Holt & Sexton*, by: *Jason E. Owens*, for appellee.